IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JENNIFER M.K. MEDEIROS, | ) | CIVIL 17-00307 LEK-KSC |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| AKAHI SERVICES, INC., | ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION TO DISMISS [22] PLAINTIFF'S
FIRST AMENDED COMPLAINT FILED ON NOVEMBER 17, 2017**

On December 1, 2017, Defendant Akahi Services Inc. ("Defendant") filed its Motion to Dismiss [22] Plaintiff's First Amended Complaint Filed on November 17, 2017 ("Motion"). [Dkt. no. 28.] Plaintiff Jennifer M. K. Medeiros ("Plaintiff") filed her memorandum in opposition on February 5, 2018, and Defendant filed its reply on February 12, 2018. [Dkt. nos. 37, 38.] This matter came on for hearing on February 26, 2018. The Motion is hereby granted as to Count III, which is dismissed with prejudice, and as to that portion of Count IV which is based on employment discrimination, which is dismissed with prejudice. The Motion is hereby granted without prejudice as to that portion of Count IV based on continued sexual harassment. Plaintiff may file a motion for leave to file a second amended complaint as to this portion of Count IV only.

## STANDARD

The Ninth Circuit has described the standard applicable to a motion under Fed. R. Civ. P. 12(b)(6) as follows:

> To survive a motion to dismiss for failure to state a claim after the Supreme Court's decisions in Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) and Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), the [plaintiff's] factual allegations "must . . . suggest that the claim has at least a plausible chance of success." In re Century Aluminum [Co. Sec. Litig.], 729 F.3d [1104,] 1107 [(9th Cir. 2013)]. In other words, their complaint "must allege 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Id. (quoting Iqbal, 556 U.S. at 678, 129 S. Ct. 1937).
>
> Following Iqbal and Twombly, . . . . we have settled on a two-step process for evaluating pleadings:
>
>> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.
>
> [Eclectic Props. E., LLC v. Marcus & Millichap Co., 751 F.3d 990, 996 (9th Cir. 2014)] (quoting Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011)). In all cases, evaluating a complaint's plausibility is a "context-specific" endeavor that requires courts to "draw on . . . judicial experience and common sense." Id. at 995–96 (internal quotation marks omitted).

Levitt v. Yelp! Inc., 765 F.3d 1123, 1134-35 (9th Cir. 2014) (some alterations in Levitt).

This district court has stated, "although allegations 'upon information and belief' may state a claim after Iqbal and Twombly, a claim must still be based on factual content that makes liability plausible, and not be 'formulaic recitations of the elements of a cause of action.'" Klohs v. Wells Fargo Bank, N.A., 901 F. Supp. 2d 1253, 1260 n.2 (D. Hawai`i 2012) (quoting Long v. Yomes, 2011 WL 4412847, at *4 (D. Haw. Sept. 20, 2011) (quoting Twombly, 550 U.S. at 555, 127 S. Ct. 1955) (editorial mark omitted)).

## BACKGROUND

Plaintiff, who was then pro se, filed her Employment Discrimination Complaint on June 28, 2017. [Dkt. no. 1.] Subsequently, on October 30, 2017, she was appointed pro bono representation and filed her First Amended Complaint on November 17, 2017 ("First Amended Complaint"). [Dkt. nos. 18, 22.]

Plaintiff's claims in this matter arise out of her employment with Defendant, which commenced in 1999, and where she was promoted, first to executive vice president, and in 2013, to company president. [Id. at ¶¶ 9-11, 18.] She alleges that her immediate supervisor was Defendant's chief executive officer, William Orihuela ("Orihuela") and that, during her employment

3

with Defendant, Orihuela repeatedly made inappropriate sexual remarks, grabbed her once, and subjected her to sexual harassment and pregnancy discrimination. [Id. at ¶¶ 12-15, 22.] On July 21, 2015, and following her third maternity leave, she was fired. [Id. at ¶¶ 27, 35, 36.]

Four claims are alleged: pregnancy discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. 2000e, *et seq.* ("Count I"); retaliation in violation of Title VII ("Count II"); sexual harassment and hostile work environment in violation of Title VII ("Count III"); and intentional infliction of emotional distress ("IIED" and "Count IV"). The instant Motion seeks dismissal with prejudice as to Counts III and IV.

## DISCUSSION

I. **Requests for Judicial Notice**

Defendant requests that the Court take judicial notice of Plaintiff's Charge of Discrimination, filed March 4, 2015 with the United States Equal Employment Opportunity Commission ("EEOC" and "3/4/15 Charge"), and her Amended Charge of Discrimination, filed July 23, 2015 with the EEOC ("7/23/15 Charge"). [Mem. in Support. of Motion, Decl. of Joseph A. Ernst, Exh. A (3/4/15 Charge), Exh. B (7/23/15 Charge).] Plaintiff requests that the Court take judicial notice of her EEOC Intake Questionnaire ("Questionnaire"). [Mem. in Opp., Decl. of Andrew I. Kim, Exh. C

4

at 2.] Neither party has objected to these requests. This Court has stated:

> The court may "take judicial notice of 'matters of public record[,]'" as long as the facts noticed are not "subject to reasonable dispute." Intri-Plex Techs., Inc. v. Crest Grp., Inc., 499 F.3d 1048, 1052 (9th Cir. 2007). However, the court may not take judicial notice of a matter of public record in order to consider "the truth of the facts recited therein." See [Lee v. City of Los Angeles, 250 F.3d 668,] 690 [(9th Cir. 2001)]. The court may only take judicial notice of the existence of the matter. See id. (citing S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd., 181 F.3d 410, 426-27 (3d Cir. 1999)).
>
> Matters of public record that may be judicially noticed include records and reports of administrative bodies, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994), and documents filed with courts, "both within and without the federal judicial system, if those proceedings have a direct relation to the matters at issue." United States v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992). The court may also take judicial notice of records of government agencies. See Dent v. Holder, 627 F.3d 365, 371-72 (9th Cir. 2010) (taking judicial notice of agency records).

Friends of Maha`ulepu, Inc. v. Hawai`i Dairy Farms, LLC, 224 F. Supp. 3d 1094, 1099 (D. Hawai`i 2016) (some alterations in Friends of Maha`ulepu) (citation omitted). Because the 3/4/15 Charge, 7/23/15 Charge, and Questionnaire are records of an administrative body, they may be considered without converting the instant Motion into a motion for summary judgment. See Decampo v. OS Rest. Services, LLC, Civ. No. 14-00092 ACK-BMK, 2014 WL 1691628, at *4 (D. Hawai`i Apr. 29, 2014) (taking

judicial notice of an EEOC charge of discrimination). The parties' requests for judicial notice are therefore granted.

## II. Count III (Title VII Sexual Harassment and Hostile Work Environment Claims)

Plaintiff alleges federal question jurisdiction under 28 U.S.C. § 1331 as to Counts I-III, and supplemental jurisdiction under 28 U.S.C. § 1367 as to Count IV. Defendant, however, disputes whether Plaintiff's EEOC filings sufficiently establish subject matter jurisdiction as to Count III. As such, Defendant seeks dismissal for lack of subject matter jurisdiction on the basis that Plaintiff failed to exhaust her administrative remedies in order to bring sexual harassment and hostile work environment claims set forth in Count III.

The starting point for the analysis is that Plaintiff, as "the party asserting subject matter jurisdiction[,] has the burden of proving its existence." See Robinson v. United States, 586 F.3d 683, 685 (9th Cir. 2009). The Ninth Circuit has stated:

> In order to establish subject matter jurisdiction over [a] Title VII claim, [a plaintiff is] required to exhaust his administrative remedies by either "filing a timely charge with the EEOC, or the appropriate state agency, thereby affording the agency an opportunity to investigate the charge." [B.K.B. v. Maui Police Dep't, 276 F.3d 1091, 1099 (9th Cir. 2002)]; EEOC v. Farmer Bros. Co., 31 F.3d 891, 899 (1994). As we recently explained, "[t]he administrative charge requirement serves the important purposes of giving the charged party notice of the claim and narrowing the issues for prompt adjudication and decision." B.K.B., 276 F.3d at 1099.

6

Freeman v. Oakland Unified Sch. Dist., 291 F.3d 632, 636 (9th Cir. 2002).

The time requirement for a Title VII claim is that the administrative charge must be filed within three hundred days after the "alleged unlawful employment practice occurred . . . ." 42 U.S.C. § 2000e-5(e)(1). Moreover, for a hostile work environment claim of a continuing nature, "the aggrieved employee must allege 'at least one discrete act had occurred within the 300-day time frame.'" Arizona ex rel. Horne v. Geo Grp., Inc., 816 F.3d 1189, 1202 (9th Cir. 2016) (quoting Porter v. Cal. Dep't of Corr., 419 F.3d 885, 892 (9th Cir. 2004) (citing Nat'l R.R. Passenger v. Morgan, 536 U.S. 101, 114, 122 S. Ct. 2061, 153 L. Ed. 2d 106 (2002))).

In addition to meeting the time requirement, the inquiry as to whether a plaintiff has sufficiently exhausted her administrative remedies under Title VII "must focus on the factual allegations made in the charge itself, describing the discriminatory conduct about which a plaintiff is grieving." Freeman, 291 F.3d at 637 (citing B.K.B., 276 F.3d at 1100).

The relevant facts are: Plaintiff filed her Questionnaire with the EEOC on December 18, 2014; she checked the box on this form indicating pregnancy discrimination; she described the conduct giving rise to her complaint as Orihuela "was going to switch me from salary to h[ou]rly because I was not

7

putting in 40 [hours per] week - last week I left early due to sickness"; she stated her belief that the conduct was discriminatory because Orihuela "was going to change my status until [I] brought up sexual harassment." [Questionnaire at 2.]

Pertinent to the issue at hand, Plaintiff's 3/4/15 Charge alleges:

> On or about September 30, 2014, I informed Chief Executive Officer/Owner William Orihuela (male) of my pregnancy. On several occasions, I needed to leave work early unexpectedly because of pregnancy-related sickness. On or about October 7, 2014, Orihuela informed me that he was changing my pay status from salary to hourly because I was not working 40 hours a week. After I complained about sex discrimination, Orihuela relented on his threat to change my pay.
>
> . . . .
>
> [Orihuela pretextually criticized my work performance and] sent me harassing text messages with false accusations and half-truths.
>
> . . . .
>
> I believe Respondent discriminated against me because of my sex (pregnant-female) in violation of Title VII of the Civil Rights Act of 1964, as amended. Also, I believe Respondent retaliated against me for complaining about discrimination in the workplace.

[3/4/15 Charge at 2-3.] The 7/23/15 Charge added the following allegations: beginning March 2, 2015, Plaintiff took leave because of pregnancy complications; she experienced difficulties obtaining childcare; and she was terminated on July 21, 2015. [7/23/15 Charge at 3.]

8

Plaintiff does not contend that the 7/23/15 Charge alleges sexual harassment or hostile work environment not contained in the 3/4/15 Charge. On its face, the 3/4/15 Charge does not contain references to sexual harassment or hostile work environment conduct. However, Plaintiff argues the Questionnaire establishes exhaustion of administrative remedies as to her sexual harassment and hostile work environment claims in Count III. She contends in her declaration that she "gave [the EEOC investigator] all of the details regarding the sexual harassment that [she] experienced from Mr. Orihuela." [Mem. in Opp., Decl. Of Jennifer M.K. Medeiros at ¶ 5.] The Court considers Plaintiff's declaration to the extent it is relevant to resolving whether she has exhausted her administrative remedies. "In resolving a factual attack on jurisdiction, [this Court] may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004) (citation omitted). Further, a plaintiff is not responsible for the charge being deficient if the deficiency was caused by the agency's representative's negligence in completing the form: "If the charge itself is deficient in recording her theory of the case due to the negligence of an agency representative who completed the charge form, then the plaintiff may present her pre-complaint questionnaire as evidence that her claim for relief

9

was properly exhausted." B.K.B., 276 F.3d at 1102 (citations omitted).

Plaintiff's Questionnaire refers to pregnancy discrimination and the sole reference to "sexual harassment" is in the context of Plaintiff's response to Oriheula's intent to change her status. Even taking into account Plaintiff's declaration, there is an absence of any factual content describing acts of sexual harassment and hostile work environment. The mention of "sexual harassment" in the Questionnaire refers to some unspecified conduct by an unspecified individual. Thus, the 3/4/15 Charge, 7/23/15 Charge, and Questionnaire, taken as a whole, fail to establish exhaustion of administrative remedies as to the sexual harassment and hostile work work environment claims contained in Count III. Plaintiff, moreover, has not demonstrated that this deficiency "in recording her theory of the case [was] due to the negligence of [the EEOC] representative." See B.K.B., 276 F.3d at 1102. Count III must therefore be dismissed for lack of subject matter jurisdiction. See Fed. R. Civ. P. 12(b)(1).

Whether the dismissal is with or without prejudice hinges upon whether it is at least theoretically possible for Plaintiff to cure the defect by filing an amended complaint sufficiently alleging exhaustion of administrative remedies. "As a general rule, dismissal without leave to amend is improper

unless it is clear, upon de novo review, that the complaint could not be saved by any amendment."  Sonoma Cty. Ass'n of Retired Emps. v. Sonoma Cty., 708 F.3d 1109, 1118 (9th Cir. 2013) (brackets, citation and internal quotation marks omitted)). Here, however, any amendment would be futile.  This is because Plaintiff was terminated from employment on July 21, 2015, nearly three years ago, and any new allegations of misconduct would be time-barred.  See 42 U.S.C. § 2000e-5(e)(1) (The time requirement for a Title VII claim is that the administrative charge must have been filed within three hundred days after the "alleged unlawful employment practice occurred . . . .").  Count III therefore is dismissed with prejudice.

## II.  Count IV (IIED Claim)

Because Plaintiff commenced this action on June 28, 2017, any incidents occurring before June 28, 2015 are barred by the two-year statute of limitations applicable to IIED claims. See DeRosa v. Ass'n of Apartment Owners of the Golf Villas, 185 F. Supp. 3d 1247, 1259-60 (D. Hawai`i 2016).  A claim for IIED based on sexual harassment and sexual assault in 2012 is thus time-barred.  Allegations related to the termination of Plaintiff's employment in July 2015 are not time-barred.

However, IIED claims based on allegations of employment discrimination - but not sexual harassment or sexual assault - are barred by Haw. Rev. Stat. § 386-5, which states:

> The rights and remedies herein granted to an
> employee or the employee's dependents on account
> of a work injury suffered by the employee shall
> exclude all other liability of the employer to the
> employee, . . . at common law or otherwise, on
> account of the injury, except for sexual
> harassment or sexual assault and infliction of
> emotional distress or invasion of privacy related
> thereto, in which case a civil action may also be
> brought.

Moreover, this Court previously determined that IIED claims in employment discrimination actions, which do not relate to either sexual harassment or sexual assault, are barred by § 386-5. <u>Li v. City & Cty. of Honolulu</u>, CIVIL 14-00573 LEK-RLP, 2017 WL 3015827, at *13 (D. Hawai`i July 14, 2017). Therefore, to the extent Plaintiff's IIED claim is based on her termination of employment and not on any claim of sexual harassment or sexual assault, Count IV fails to state a claim upon which relief can be granted and must be dismissed. This dismissal must be with prejudice because any amendment would be futile in light of § 386-5.

Plaintiff argues that her IIED claim is also based on her allegation that she experienced continued sexual harassment "over the years." <u>See</u> First Amended Complaint at ¶ 24. She defends the sufficiency of the allegation by relying on the standard set forth in <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984), which no longer applies. <u>See</u> <u>Twombly</u>, 550 U.S. at 562-63 (the "'no set of facts' language" which had been used to describe

12

the Fed. R. Civ. P. 8 pleading standard "is best forgotten" (some citations omitted) (citing Hishon)).

Plaintiff's "[t]hreadbare recitals of the elements of [her IIED claim based on sexual harassment], supported by mere conclusory statements" do not bind this Court to accept her legal conclusion as true.  See Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555, 127 S. Ct. 1955).  That portion of Count IV based on sexual harassment must be dismissed because it fails to "allege 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  See Levitt, 765 F.3d at 1135 (quoting Iqbal, 556 U.S. at 678, 129 S. Ct. 1937).[1]  It is theoretically possible, however, for Plaintiff to cure this defect by filing an amended complaint alleging sufficient factual content to state a claim for IIED based on continued sexual harassment.  The portion of Count IV based on sexual harassment is therefore dismissed without prejudice.  Plaintiff will be allowed to file a motion seeking leave to file a second amended complaint on the portion of Count IV based on sexual harassment.

---

[1] Although Plaintiff did not argue any tolling doctrine applies, the Court notes that, to the extent Plaintiff alleges she experienced "continual ill effects from" prior sexual harassment, that is, by itself, insufficient to toll the statute of limitations under the continuing tort doctrine.  See Begley v. Cty. of Kauai, CIVIL 16-00350 LEK-KJM, 2018 WL 295799, at *2 (D. Hawai`i Jan. 4, 2018) (internal quotation marks and citation omitted) (quoting Anderson v. State, 88 Hawai`i 241, 247-48, 965 P.2d 783, 789-90 (Ct. App. 1998)).

As to Defendant's argument that Count IV should be dismissed because is fails to allege sufficiently outrageous conduct, this Court declines to address the argument at this time because, should Plaintiff successfully obtain leave to file a second amended complaint, new factual allegations may affect whether the claim sufficiently alleges outrageous conduct.

**CONCLUSION**

On the basis of the foregoing, Defendant Akahi Services Inc.'s Motion to Dismiss [22] Plaintiff's First Amended Complaint Filed on November 17, 2017, filed December 1, 2017, is HEREBY GRANTED IN PART AND DENIED IN PART. The Motion is GRANTED insofar as: Count III is DISMISSED WITH PREJUDICE; Count IV is DISMISSED; and the dismissal of the portion of Count IV based on the termination of Plaintiff's employment is WITH PREJUDICE. The Motion is DENIED insofar as the dismissal of portion of Count IV based on sexual harassment is WITHOUT PREJUDICE.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, May 31, 2018.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge